**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL O'MALLEY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| KASS MANAGEMENT SERVICES, INC. | ) ) ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendant. | ) ) ) | |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff, Daniel O'Malley, by and through his attorneys, Glen J. Dunn & Associates, Ltd., and for his Class Action Complaint against Defendant, Kass Management Services, Inc., ("Kass") alleges and states as follows:

**NATURE OF THE ACTION**

1. This is an action against Defendant, Kass Management Services, Inc., for improperly withdrawing a reoccurring monthly legal fee from Plaintiff's bank account without Plaintiff's prior express written authorization.

2. Plaintiff alleges violations of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq*. ("EFTA").

3. Plaintiff, on behalf of himself and his proposed class, seeks damages, attorneys' fees, equitable relief and/or disgorgement.

**PARTIES**

4. Plaintiff, Daniel O'Malley, ("Plaintiff") is a citizen of the State of Illinois and

1

resides in Chicago, County of Cook, Illinois.

5. Defendant, Kass Management Services, Inc., is a property management corporation that provides management services to condominium, residential and commercial properties throughout the Chicago Metropolitan Area. Defendant was at all relevant times doing business in Illinois.

6. Both of Defendant's offices are located in Chicago, Illinois.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331 and 1337 because the claims arise under the laws of the United States, specifically the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq*.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction here, regularly conducts substantial business in Illinois, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTS

9. At all times relevant to this Complaint, Plaintiff owned unit 1104, a condominium in a residential building located at 2909 North Sheridan Road, County of Cook, Chicago, Illinois ("the property").

10. At all times relevant to this Complaint, the property was a member of the Condominium Association ("Association") and was subject to the rules and bylaws of the Association.

11. At all times relevant to this Complaint, Kass collected the monthly assessment charges from Plaintiff and from other members of the Association behalf of the Association.

12. The monthly assessment charges that Kass collected from Plaintiff included charges for parking and for other home owners' association services.

13. Each month, Kass collected the aforementioned monthly assessment charges from Plaintiff by automatically debiting the funds from Plaintiff's bank account.

14. Kass had obtained Plaintiff's express written authorization prior to beginning to automatically debit Plaintiff's account for the monthly assessment charges.

15. In August of 2017, the Association initiated a lawsuit against Plaintiff for alleged violations of the Association's bylaws.

16. In April of 2018, Plaintiff and the Association reached a settlement agreement, pursuant to which, in exchange for the Association dismissing the lawsuit, Plaintiff agreed to pay the Association a reoccurring monthly legal fee of $233.00 for a period of eighteen (18) consecutive months totaling $4,194.00.

17. In April of 2018, Plaintiff sent Kass a check for $233.00 for the first legal fee payment pursuant to the settlement agreement.

18. In May of 2018, Plaintiff sent another check to Kass for $233.00 for the second legal fee payment pursuant to the settlement agreement.

19. In June of 2018, Kass automatically withdrew the monthly legal fee from Plaintiff's bank account without obtaining Plaintiff's written authorization.

20. Prior to Kass' first automatic withdrawal of the legal fee from Plaintiff's bank account, no direct debit/ACH authorization was ever presented, agreed to or signed by Plaintiff.

21. During the period of June 2018 through July of 2019, on each consecutive month, Kass automatically withdrew a $233 legal fee from Plaintiff's bank account, for a total of $3,029.00.

## CAUSES OF ACTION

### Count I

**I.　Violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693**

22.　Plaintiff repeats, re-alleges and incorporates herein by reference all paragraphs above.

23.　The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* ("EFTA"), provides in part as follows:

> §1693e - Preauthorized Transfers
>
> (a)  A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made….
>
> (b) In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board, of the amount to be transferred and the scheduled date of the transfer."

24.　A preauthorized electronic fund transfer is defined in the EFTA as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. §1693a(10).

25.　All debits by Kass to Plaintiff's bank account for recurring monthly legal fees were preauthorized electronic fund transfers as defined by EFTA.

26.　Kass violated EFTA by debiting Plaintiff's bank account for the recurring monthly legal fees without his prior written authority.

27.　As such, Kass is liable under 15 U.S.C. §1693m for statutory and actual damages, reasonable attorney's fees and costs.

## **CLASS ALLEGATIONS**

### **Count II**

28. Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), Plaintiff brings Count II on behalf of a class. The class consists of all people whose bank accounts were automatically debited for a reoccurring legal fee through an unauthorized electronic fund transfer, or who otherwise suffered a violation of EFTA by Kass' act or omission at any time during the relevant statute of limitations.

29. Kass violated EFTA by debiting the bank accounts of Plaintiff and of other individuals on a reoccurring basis without authority.

30. The class is so numerous that joinder of all class members is impracticable. On information and belief, Kass possesses an expansive portfolio of 9,500 residential units and 600,000 square feet of commercial space throughout the Chicago area. Thus, it is reasonable to infer there are in excess of thousands of people whose bank accounts have been debited by Kass on a recurrent basis without proper authorization.

31. There are questions of law and fact common to the members of the class, which predominate over any questions that affect only individual class members. The predominant common questions include:

(a) whether Kass had a practice of withdrawing reoccurring legal fees from class members' bank accounts through electronic funds transfers without written authorization, and

(b) the appropriate relief due to such class members.

32. Plaintiff's claim is typical of the claims of the class members. All claims are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in complex civil litigation and class action litigation.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible; resolving the claims of class members, based on virtually identical facts and law, would promote judicial efficiency and provide appropriate relief from Defendant's wrongdoing.

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the class, and against Defendants, for:

    I. statutory damages;

    II. actual damages;

    III. injunctive relief;

    IV. attorney's fees, litigation expenses and costs of suit; and

    V. such other or further relief as the Court deems proper.

Respectfully submitted,

/s/ Glen J. Dunn, Jr.
One of the Attorneys for Plaintiff

Glen J. Dunn, Jr.
Glen J. Dunn & Associates, Ltd.
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
(312) 546-5056